23 C.C.P.A.(Patents)

## In re OSWALD.

### Patent Appeal No. 3633.

Court of Customs and Patent Appeals.
June 1, 1936.

Arthur Wright, of New York City (J. Austin Stone, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D.

828

C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This appeal from a decision of the Board of Appeals of the United States Patent Office involves seven claims (being all the claims), numbered 32 to 38, of an application for patent entitled "For Goffered Films."

Claim 32 is quoted as illustrative of the subject-matter: "32. In combination, a picture projecting means comprising an objective and a goffered film having lenticular hemicylindrical surfaces, each of which is 10 to 40% wider than the width of the lenticle required for the image of a goffering having lenticulations with an angular aperture corresponding to the objective angular aperture."

In the brief filed on behalf of appellant is found the following general statement: "The subject matter of this invention, which was made in France, is very important in this art. This art relates to motion pictures in natural colors, taken on an ordinary type of film but which carries on one face thereof microscopically-small lenses, so as to photograph separately and accurately back of each lens, in black and white, the three complementary colors coming from a three-color-zone filter located at the objective, and which thus transmits to the film the complementary color components of the light from each point of the object photographed."

In the decision of the Board there is a more elaborate description, as follows: "Appellant discloses a section of photographic film having microscopical lenticulations $l$ separated by parts t on its front surface and a sensitive layer g on its rear surface. These lenticulations face a color selecting filter D in the diaphragm of a taking objective. These lenticulations correspond to a 'number of lenses per millimeter 10 to 40% less than the number corresponding to the aperture of the picture taking objective.' The examiner does not seem to understand this quoted expression. The elements are stated as constructed and arranged in some manner that 'if the number of microscopic lenses per millimeter of film as counted perpendicularly to the axis of the lenses, is small enough, or if the zone a is large enough, the image zones z will cover a restricted fraction of the surface corresponding to each microscopic lens and the useful light appertaining to each said lens will thus concentrate its effect on a more restricted surface.'"

The statement, "The examiner does not seem to understand this quoted expression," in the above quotation was evidently based upon the following from the Examiner's statement: "* * * These lenticulations correspond to a 'number of lenses per millimeter 10 to 40% less than the number corresponding to the aperture of the picture taking objective, * * *' whatever that may be. * * *"

We are unable to determine from the opinion written by the Board whether or not that tribunal professed to understand the expression. We can only remark that, if it does understand it, it has a decided advantage of this court in that respect. Neither in the brief nor in the oral argument on behalf of appellant before us was the expression clarified to our satisfaction.

The Examiner rejected the claims on the ground that the alleged invention is not fully disclosed as required by R.S. § 4888 (35 U.S.C.A. § 33). Also the Examiner held, in effect, that such definitions of structure as the claims do contain are not patentably different from prior art as disclosed in a patent to Albert Keller-Dorian, No. 1,214,552, of February 6, 1917. Another reference cited by the Examiner is a patent to Rodolphe Berthon, No. 1,600,923, issued September 21, 1926. This latter patent was held not to be anticipatory by the Board, and the Board correctly, we think, construed the Examiner's rejection as not being based upon the references but upon lack of disclosure. This ground of rejection the Board approved, saying: "In our view the disclosure is not sufficient to present a proper definition of the alleged invention and whereas there may be novelty in applicant's construction, it is neither properly described nor claimed."

Before us it is insisted on behalf of appellant that his disclosure is sufficient to meet the requirements of the statute. We think, however, that the arguments as to this amount to a virtual concession that a complete disclosure cannot be found, except by considering the claims themselves as a part of the description.

It is said by the Solicitor for the Patent Office:

"What appellant says as to the claims being a part of the description is true enough, provided the claims are in the case when it was filed. There is nothing in this record, however, which shows that claims 32 to 38 here involved were in the case when it was filed, and hence nothing to show that they were a part of the *original* description. On the contrary, the action of the examiner (R.5) on claims 17 to 32 indicates that originally sixteen claims were presented, which were cancelled and replaced after the case was filed by the claims mentioned by the examiner.

"Obviously, what was put into the case after it was filed is no part of the original disclosure, and it is upon the basis of the original disclosure that support must be found for the grant of a patent. In re Kobseff, 48 F.(2d) 956, 18 C.C.P.A.(Patents) 1326, 1931 C.D. 536; In re Cogswell, 48 F.(2d) 402, 18 C.C.P.A.(Patents) 1136, 1931 C.D. 369; In re Bloch, 65 F.(2d) 268, 20 C.C.P.A.(Patents) 1180, 1933 C.D. 523." (Italics quoted.)

The Solicitor correctly states the law; so it must be held that, upon the showing made in this record, the claims on appeal cannot be looked to in determining the extent of appellant's description of structure.

We may add that it is doubtful whether, even taking the claims as a part of the description, the statutory requirement would be met. The statute requires " * * * a *written* description * * * in such full, clear, concise, and exact terms as to enable any person skilled in the art * * * to make, construct, compound, and use [the article]." (Italics ours.)

The Board, following the Examiner, points out that: " * * * The aperture of the objective in which filter D is located has not been disclosed. It is not known how many lenticulations per millimeter are employed or what their radii of curvature may be. The thickness of the film is not mentioned and its index of refraction is unknown. The optical prescription of the elements of the device have thus not been specified so that zone z will be less than zone a or if zone z is less than zone a their relation to the lenticulations and to the objective is not disclosed so that the desired results will be obtained."

For certain of these features, as, for example, the thickness of the films, the radius of curvature of the lenticulations, and the index of refraction, it is practically conceded that the drawings alone must be relied upon. Unhappily for appellant, however, the drawings, contain no figures or numbers which give or indicate dimensions, and so appellant is not in a position where he can evoke the alleged rule stated in the brief on his behalf, that: " * * * It is well established that a feature shown in a drawing, if clear, is a full disclosure thereof even if not described."

Appellant's drawings do not meet the condition expressed in the highly important phrase, "if clear."

In our opinion, there was no error in the decision of the Board of Appeals, and the same is affirmed.

Affirmed.